[Cite as *State v. Metcalf*, 2015-Ohio-3507.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26101 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2010-CR-197 |
| v. | : | |
| | : | (Criminal Appeal from |
| JESSE METCALF | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of August, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by Kirsten A. Brandt, Atty. Reg. No. 0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jesse Metcalf appeals from an order overruling his

motion for leave to file a delayed motion for a new trial pursuant to Crim. R. 33(B). Metcalf contends that he has new evidence that he was unavoidably prevented from discovering earlier. We conclude that the trial court did not abuse its discretion in overruling the motion. Consequently, the order from which this appeal is taken is Affirmed.

## I. Course of Proceedings

{¶ 2} Metcalf was convicted and sentenced to serve a total of 41 years to life, for Murder, Aggravated Robbery, Aggravated Burglary, and Having a Weapon While Under a Disability. Metcalf appealed. We affirmed. *State v. Metcalf,* 2d Dist. Montgomery No. 24338, 2012-Ohio-6045. More than three years later, Metcalf filed a pro se motion for leave to file a delayed motion for a new trial, and attached two affidavits. In his own affidavit, Metcalf averred that his newly discovered evidence had just been obtained when his mother came to visit him in prison and admitted her connection to the murder victim. In her affidavit, Metcalf's mother confirmed this connection to the victim, and averred that she had not previously told her son or the detective about this connection because she was ashamed. Metcalf further alleges that mental health counseling in prison has led him to realize that he was suffering from a mental condition of "homophobia" at the time of the offense. Metcalf asserts that this new information would have supported different defenses to his offenses, and that he should be given a new trial to present these defenses.

{¶ 3} The State opposed the motion for leave to file a delayed motion for a new trial, arguing that Metcalf had failed to present clear and convincing evidence that he was unavoidably prevented from discovering the new evidence within the time limit set by

Crim. R. 33. The trial court overruled Metcalf's motion for leave to file a delayed motion for a new trial, for the "reasons set forth by the State in its Memorandum Contra Defendant's Motion for a New Trial, and because the 'newly discovered evidence' was not provocation for Defendant's actions for which he was convicted." Dkt. #10.

## II. Standard of Review

{¶ 4} A trial court's decision on a Crim.R. 33 motion for a new trial will not be reversed absent an abuse of discretion. *State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-1656, ¶ 31, citing *State v. Schiebel,* 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus; *State v. Matthews,* 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998).

{¶ 5} "The abuse of discretion standard is defined as '[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.' " *State v. Mollett*, 2d Dist. Clark No 2014-CA-85, 2015-Ohio-1670, ¶ 17, citing *State v. Boles,* 2d Dist. Montgomery No. 23037, 2010–Ohio–278, ¶ 18.

{¶ 6} Therefore, the trial court's decision denying Metcalf the opportunity to file a motion for a new trial must be affirmed unless the basis of the decision is grossly unsound, unreasonable, illegal or unsupported by the evidence.

## III. The Proffered Evidence Was Not Newly Discovered

{¶ 7} Metcalf asserts one assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING

APPELLANT'S MOTION FOR LEAVE FOR NEW TRIAL DESPITE HAVING CLEAR AND CONVINCING EVIDENCE BEFORE IT THAT SUCH NEW EVIDENCE EXISTED.

{¶ 8}  Crim. R. 33(B) allows a defendant to file a motion for a new trial within 14 days after a verdict is rendered, unless the motion is based on newly discovered evidence, which may be filed within 120 days after the day the verdict is entered.   After the 120 days have passed, a defendant must seek permission to file a motion for a new trial by presenting "clear and convincing proof" to allow the trial court to find that the defendant was "unavoidably prevented from discovering the evidence within the 120 day period." Crim. R. 33(B).  As we discussed in *State v. Risden*, 2d Dist. Montgomery No. 25234, 2013-Ohio-1823, ¶14:

> When a defendant attempts to offer new evidence after the 120–day time limit has passed, the defendant must establish: "(1) that it is new evidence; (2) that he was unavoidably prevented from discovering within the time limit; (3) that it is based on fact; and (4) that the evidence is being proffered in good faith." *State v. Beavers,* 2d Dist. Montgomery No. 22588, 2009-Ohio-5604, ¶ 27, citing 2 Baldwin's Ohio Practice, Section 79:9. Accordingly, the credibility of the new evidence must be assessed. *Id* at ¶ 27, citing *State v. Martin,* 2d Dist. Montgomery No. 20383, 2005-Ohio-209, ¶ 16.

{¶ 9}  Whether the proffered evidence meets the grounds set forth for a new trial in Crim R. 33(A) is not at issue unless the trial court first grants leave to file the motion. The issue presented in this appeal is whether the trial court abused its discretion in denying

leave to file a delayed motion for a new trial. Thus, the substance of the affidavits are examined only to determine whether they meet the four criteria set forth in *Risden* and *Beavers*, *supra*.

{¶ 10} Crim R. 33 (B) requires the movant to submit "clear and convincing proof." Clear and convincing evidence is "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Lansdowne v. Beacon Journal Pub. Co.*, 32 Ohio St. 3d 176, 180, 512 N.E. 2d 979 (1987). In the case before us, Metcalf and his mother rely on their feelings of shame, humiliation and embarrassment as their reasons for not having discussed the alleged facts until more than two years after the deadline for filing the post-trial motion. There is no legal support for the concept that shame or humiliation constitutes clear and convincing proof that discovery of evidence has been unavoidably prevented. Metcalf presented no evidence that he had been prevented from communicating with his mother after his conviction, based on any specific actions or misconduct, outside of Metcalf's control.

{¶ 11} It has been acknowledged that a defendant may be unavoidably prevented from discovering new evidence based on misconduct of the jury, prosecutor, or a witness, when the misconduct occurred outside of court proceedings and was unknown to the court or counsel at the time of the occurrence. *State v. Walden*, 19 Ohio App. 3d 141, 483 N.E. 2d 859 (10th Dist. 1984). We have held that a movant fails to demonstrate that he was unavoidably prevented from discovering new evidence when he would have discovered the information earlier had he exercised due diligence and some effort. *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002-Ohio-3649. In the case before us,

there is no evidence of any steps taken by Metcalf in an attempt to discover this information earlier.

{¶ 12} Even if shame and humiliation were considered grounds for finding unavoidable prevention of discovery of pertinent facts, the record does not support a finding that the evidence proffered by Metcalf constitutes "new" evidence. Metcalf theorizes that if he had been able to present the evidence from his mother, he would have been able to pursue a self-defense claim. However, any evidence supporting a claim for self-defense would have been known to the defendant from the moment of the actual killing, cannot be described as a theory of which he had no knowledge, and does not properly constitute newly discovered evidence under Crim R. 33. *State v. Schlee*, 11th Dist. Lake No. 2013-L-131, 2014-Ohio-5765, ¶ 44.

{¶ 13} Metcalf further suggests that his mental health counseling in prison has helped him identify that he suffers from a mental condition described as "homophobia," which was responsible for his actions and prevented him from reasonably assisting in his defense. However, Metcalf did not proffer any credible evidence that his mental condition meets the definition in R.C. 2901.01 that he "did not know, as a result of a severe mental disease or defect, the wrongfulness of his actions." Based on the facts alleged, the trial court could reasonably conclude that Metcalf's allegations were not made in good faith because the proffered evidence was at best, "proof that a person's reason, at the time of the commission of an offense, was so impaired that the person did not have the ability to refrain from doing the person's act or acts," which does not constitute a defense. R.C. 2945.391. Accordingly, the record does not support that the trial court abused its discretion by finding that Metcalf failed to prove by clear and convincing evidence the

facts required to meet the conditions set forth in Crim R. 33 for the filing of a delayed motion for a new trial. Metcalf's sole assignment of error is overruled.

## IV. Conclusion

{¶ 14}  Metcalf's sole assignment of error having been overruled, the order of the trial court overruling his motion to file a delayed motion for a new trial is Affirmed.

. . . . . . . . . . . .


FROELICH, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Daniel F. Getty
Hon. Gregory F. Singer