[Cite as *State v. Armstrong*, 2018-Ohio-191.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27413 |
| | : | |
| v. | : | Trial Court Case No. 92-CR-196 |
| | : | |
| A.D. ARMSTRONG | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of January, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

HILARY LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} A.D. Armstrong appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his post-conviction "motion for court to consider evidence that gun spec has already been served" and other post-conviction motions. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In 1992, Armstrong was convicted after a bench trial of aggravated burglary and received a sentence of 6 to 25 years in prison. We affirmed his conviction on direct appeal. *State v. Armstrong*, 2d Dist. Montgomery No. 13498, 1993 WL 294834 (Aug. 6, 1993).

{¶ 3} The record does not reflect when Armstrong was released on parole, but his filings with the trial court reflect that, in 2005, he was convicted of felonious assault with a firearm specification. *See State v. Armstrong*, Montgomery C.P. No. 2004 CR 2162. Armstrong was apparently sentenced to six years in prison for felonious assault with an additional three-year term for the firearm specification.

{¶ 4} While in prison, Armstrong has filed numerous pro se motions with the trial court in this case (Case No. 1992 CR 196) related to the length of his incarceration. Of relevance to this appeal, in 2016, Armstrong filed five motions, seeking (1) clarification of his sentence, (2) appointment of counsel, (3) that the court consider evidence that his gun specification had already been served, (4) removal to the Montgomery County Jail, and (5) to add evidence to his case.

{¶ 5} On December 28, 2016, the trial court overruled the motion to consider that his gun specification had already been served and the other motions. The court stated, in its entirety:

Defendant in this case has filed a *Motion for Court to Consider Evidence that Gun Spec has Already Been Served* which he claims relates a judgment against him for a gun specification attached to his conviction for aggravated burglary in the above-captioned matter. The Court notes that on May 16, 2016, the Defendant also filed an [sic] document entitled *Clerification (sic) of Sentence* that merely related to documents that he had submitted to the Second District Court of Appeals. Defendant also filed a civil docket statement with the Second District Court of Appeals, which was treated as an appeal by that Court and dismissed on May 5, 2016. The Court notes that in his filings, Defendant appears to be challenging a calculation of his sentence by the Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation/Records [M]anagement rather than the judgment imposed by this Court. The Court has reviewed the docket of the above-captioned matter and finds that Defendant was neither charged with, nor convicted of, a gun specification in this case. Furthermore, this Court has no jurisdiction over the calculations of sentences by the Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation/ Records [Management].

Accordingly, this Court hereby OVERRULES *Defendant's Motion for Court to Consider Evidence that Gun Spec Has Already Been Served*. In rendering this Decision, the Court notes that, in addition to considering Defendant's motion, it has also considered the following filings made by Defendant: (i) *Motion to Show Cause, Clarification of the Record and*

*Correction of Administrative Rule* filed on April 6, 2016 (relating to his Court of Appeals filing and an unrelated case in Franklin County), (ii) *Clerfication (sic) of Sentence* filed on May 16, 2016 (relating to his appellate court case), and (iii) *Motion to Add Evidence* (which merely submits statutes and judicial opinions that Defendant believes are relevant to his claims). None of these filings affect the Court's lack of jurisdiction over the computation of Defendant's sentence by the Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation/Records [Management].

Because Defendant's *Motion for Court to Consider Evidence that Gun Spec has Already Been Served* is found to be without merit, the Court also hereby OVERRULES Defendant's ancillary *Motion for Removal to Montgomery County Jail for Defendant's Court Date*.

{¶ 6} Armstrong appeals from the trial court's judgment. In his appellate brief, he argues that the trial court, at his original sentencing in 1992, did not inform him that he would be under the control of the Parole Board upon his release from prison or of the consequences if he violated the conditions of his parole. Armstrong specifically asserts that the court should have informed him of the consequences of committing another felony while on parole.

{¶ 7} Armstrong raises issues on appeal that were not raised by motion in the trial court. Armstrong cannot raise these new issues for the first time on appeal. *See, e.g., State v. Anderson*, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 4 (2d Dist.); *Shields v. Englewood*, 172 Ohio App.3d 620, 2007-Ohio-3165, 876 N.E.2d 972, ¶ 68 (2d Dist.) ("It is well settled that a nonconstitutional issue raised for the first time on appeal is not properly before a

reviewing court").

**{¶ 8}** Furthermore, Armstrong's motion in the trial court sought a ruling that he had already served the sentence on his firearm specification. Armstrong was convicted of a firearm specification in Case No. 2004 CR 2162, not in the 1992 case underlying this appeal. The trial court had no authority to address Armstrong's sentence in his 2004 case. And, the trial court properly concluded that Armstrong's motion in this criminal case was not the proper avenue for challenging the Ohio Department of Rehabilitation and Correction's calculation of his sentence expiration date.

**{¶ 9}** Armstrong's assignment of error is overruled. The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Hilary Lerman
Hon. Barbara P. Gorman