[Cite as *State v. Harwell*, 2019-Ohio-643.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                      :
                                                   :
            Plaintiff-Appellee                     :      Appellate Case No. 28104
                                                   :
v.                                                 :      Trial Court Case No. 2012-CR-2367
                                                   :
MICHAEL D. HARWELL                                 :      (Criminal Appeal from
                                                   :       Common Pleas Court)
            Defendant-Appellant                    :
                                                   :

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of February, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301
West Third Street, 5th Floor, Dayton, Ohio 45422
            Attorney for Plaintiff-Appellee

MICHAEL D. HARWELL, #687-427, P.O. Box 69, London, Ohio 43140
            Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Michael D. Harwell, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his motion for leave to file a delayed motion for a new trial. For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 2} We detailed the facts underlying Harwell's convictions in his direct appeal, *State v. Harwell*, 2d Dist. Montgomery No. 25852, 2015-Ohio-2966. To summarize, on the night of June 15, 2012, Harwell was involved in a drug deal that went awry. Harwell purchased two ounces of cocaine that, unbeknownst to him, was cut/diluted with other substances. In an attempt to get his money back from Jonathon Lambes and Jason Miller, two men involved in the sale of the cocaine, Harwell allegedly kidnapped Lambes and Miller and drove them to another location, where Harwell fired several gunshots at them. Miller was shot multiple times and was left to die in the street; Lambes escaped into the woods. In November 2012, Harwell was indicted on 14 charges related to the incident; the matter ultimately proceeded to a week-long jury trial.

{¶ 3} In June 2013, a jury found Harwell guilty of felony murder (felonious assault), felony murder (kidnapping), attempted felony murder (felonious assault), attempted felony murder (kidnapping), two counts of kidnapping (terrorize/physical harm; no safe release), two counts of kidnapping (substantial risk of serious physical harm; no safe release), two counts of kidnapping (felony or flight), two counts of felonious assault (deadly weapon) and one count of felonious assault (serious physical harm); each count included a firearm specification. The trial court found Harwell guilty, after a bench trial, of having a weapon while under disability. After merging certain counts and

specifications, Harwell was convicted of one count of felony murder, one count of attempted murder, two counts of kidnapping, and one count of having a weapon while under disability. The trial court sentenced Harwell to an aggregate term of 32 years to life in prison and ordered him to pay restitution for funeral expenses and court costs.

{¶ 4} Harwell appealed from his convictions, raising 14 assignments of error. Harwell claimed that his counsel was ineffective in several respects, that the indictment was defective, that the jury verdict forms were contrary to law, that the trial court's jury instruction defining the term "cause" was improper, that the trial court erred in imposing consecutive prison terms for two firearm specifications, that his convictions were based on insufficient evidence and were against the manifest weight of the evidence, and that the court erred in imposing restitution without determining his present and future ability to pay.

{¶ 5} On July 24, 2015, we concluded that Harwell's counsel was ineffective for failing to file a motion to dismiss the charges of attempted felony murder, because such an offense does not exist in Ohio. We vacated the attempted felony murder convictions (Counts 3 and 4) and remanded the matter for resentencing on the count and the firearm specifications that were merged with Counts 3 and 4, i.e., Count 13 (felonious assault of Lambes) and the firearm specifications attached to the counts related to Lambes (Counts 5, 7, 9 and 13). *Harwell* at ¶ 90. We affirmed the trial court's judgment in all other respects. *Id.*

{¶ 6} On August 13, 2015, the trial court conducted a resentencing hearing in accordance with our appellate judgment. After again merging several of the offenses and firearm specifications, Harwell was sentenced on one count of felony murder, two

counts of kidnapping, one count of felonious assault, and two three-year firearm specifications. Harwell's aggregate sentence remained 32 years to life in prison. Harwell appealed from his amended sentence, but we dismissed this appeal due to his failure to file an appellate brief. *State v. Harwell*, 2d Dist. Montgomery No. 26838 (Feb. 1, 2016).

{¶ 7} In 2016, Harwell filed motions related to the order to pay court costs and financial sanctions. The trial court waived the balance of his court costs, but it denied a waiver of fines and restitution.

{¶ 8} In 2017, Harwell asserted that his sentences were partially void due to the trial court's failure to properly impose post-release control at the resentencing hearing, and he sought a de novo sentencing hearing. The trial court denied the motion, and Harwell appealed. We overruled the assignments of error and affirmed the trial court's judgment. *State v. Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950.

{¶ 9} On June 15, 2018, Harwell filed a motion for leave to file a delayed motion for a new trial. He claimed that his motion was untimely due to ineffective assistance of trial counsel, namely that his trial counsel did not inform him of the time requirements for filing a motion for a new trial. Harwell further claimed he was entitled to a new trial based on "actual innocence." Specifically, Harwell asserted that the prosecution was "relieved of its burden" of proving all the essential elements of felony murder at trial, and the trial court failed to instruct the jury on the differences between felony murder and involuntary manslaughter. Harwell claimed that the prosecution failed to present evidence of felony murder, as opposed to involuntary manslaughter, and thus he was actually innocent of felony murder. In addition, Harwell argued that his trial counsel acted deficiently by

failing to object to the trial court's jury instruction on reasonable doubt and the State's failure to prove all elements of felony murder. Harwell supported his motion for leave with an "affidavit of verity," attesting to his attorney's failure to inform him of the time requirements for a motion for a new trial.

{¶ 10} The State did not respond to Harwell's motion for leave.

{¶ 11} On August 7, 2018, the trial court denied Harwell's motion for leave. The court noted that Harwell's motion "relie[d] upon arguments that were or could have been raised in his direct appeal." The court found that Harwell failed to present clear and convincing proof that he was unavoidably prevented from timely filing his motion for a new trial and, further, that the record did not support that he was unavoidably prevented from the discovery of evidence upon which he must rely.

{¶ 12} Harwell appeals from the denial of his motion for leave to file a delayed motion for a new trial, raising four assignments of error.

## II. Denial of Harwell's Motion for Leave

{¶ 13} Harwell's assignments of error state:

1. The trial court erred to the prejudice of the defendant-appellant in violation of his absolute right to procedural due process by sua sponte dismissing the application o[n] res judicata grounds.

2. The trial court erred to the prejudice of the defendant-appellant in violation of his absolute right to procedural due process where the court granted the appellee a summary judgment.

3. It was prejudicial error in violation of the appellant's absolute right to procedural due process for the trial court to summarily overrule the motion

for leave to file a delayed motion for new trial where the appellant showed cause for the delay and presented colorable claims of actual innocence.

4. It was plain error for the trial court not to declare the defendant-appellant's conviction and judgment void where he was subjected to hybrid representation at trial of this case.

We will address Harwell's assignments of error together.

{¶ 14} Motions for a new trial are governed by Crim.R. 33. Crim.R. 33(A), which sets forth the authorized bases for a new trial, provides:

**(A) Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. * * *;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *

{¶ 15} Except for motions based on newly discovered evidence under Crim.R. 33(A)(6), a motion for new trial "shall be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * * [.]"   Crim.R. 33(B). In contrast, a motion for new trial based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * * [.]" *Id.*

{¶ 16} In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion.   *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002); *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.).   "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)." (Citations omitted.)   *Warwick* at *2.   "The reference to 'clear and convincing proof' means something more than bare allegations or statements in a motion."   *State v. Morris*, 2d Dist. Montgomery No. 26949, 2017-Ohio-1196, ¶ 19.   "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he [or she] submits documents that on their face support his [or her] claim of being unavoidably prevented from meeting Crim.R. 33's time requirement."   *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *Lanier* at ¶ 16.

{¶ 17} " '[A] party is unavoidably prevented from filing a motion for new trial if the

party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Parker* at ¶ 16, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "[A] defendant fails to demonstrate that he or she was unavoidably prevented from discovering new evidence when he would have discovered that information earlier had he or she exercised due diligence and some effort." *State v. Lenoir*, 2d Dist. Montgomery No. 26846, 2016-Ohio-4981, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 11, citing *Warwick*.

{¶ 18} We review the trial court's denial of leave to file a motion for a new trial for an abuse of discretion. *State v. Devaughns*, 2d Dist. Montgomery No. 25826, 2015-Ohio-452, ¶ 15. An abuse of discretion occurs when the decision of a court is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} It is undisputed that Harwell was required to obtain leave to file a delayed motion for a new trial. Harwell was convicted in July 2013. He did not file his motion for leave to file a delayed motion for new trial until June 2018, five years later, which was well beyond the time limitations in Crim.R. 33(B). Thus, Harwell was required to establish by clear and convincing evidence that he was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B).

{¶ 20} On appeal, Harwell focuses on the trial court's statement that his motion "relie[d] upon arguments that were or could have been raised in his direct appeal,

Montgomery County Appeal Case No. CA 025852." However, the trial court also expressly found that Harwell failed to present clear and convincing proof that he was unavoidably prevented from timely filing his motion for a new trial or from the discovery of evidence upon which he must rely; the court denied Harwell's motion "for these reasons." Thus, the trial court denied Harwell's motion for leave to file a delayed motion for a new trial, because the motion for a new trial was untimely and the untimeliness was not excused. The trial court did not deny the motion for leave solely based on the doctrine of res judicata.

{¶ 21} In asserting that the untimeliness of his motion for a new trial should be excused, Harwell stated in his affidavit that his attorney "did not properly confer and consult with me concerning the requirements of Ohio Criminal Rule 33(B) relevant to time restraints" and, thus, counsel rendered ineffective assistance. Even accepting that Harwell's trial attorney did not inform Harwell of the time requirements of Crim.R. 33(B), Harwell has not demonstrated that he was unavoidably prevented from filing a timely motion for a new trial.

{¶ 22} We generally have held that a defendant's lack of knowledge of time limitations, even due to the failure of his attorney to notify him of such, does not establish that a defendant was "unavoidably prevented" from filing a timely motion. *See State v. Wells*, 2d Dist. Champaign No. 2010 CA 5, 2010-Ohio-3238, ¶ 23 ("We have held that a defendant's lack of knowledge of Ohio's post-conviction relief process, even due to the failure of his attorneys to notify him of such, does not satisfy R.C. 2953.23(A)(1)(a)."). As stated by the Seventh District regarding postconviction procedures under R.C. 2953.23, which has statutory time limitations:

[T]he general failure of counsel (appointed for trial or direct appeal) to advise a defendant of postconviction procedures does not equate to being "unavoidably prevented from discovering the facts upon which he must rely to present the claim for relief." *See* R.C. 2953.23(A)(1)(a). The statute speaks of being unavoidably prevented from discovering facts, not the law. A petitioner's assertion that he was not informed of the procedural mechanism of postconviction relief is essentially an argument for the creation of an additional exception to the statutory deadlines. *See State v. Theisler*, 11th Dist. No. 2009-T-0003, 2009-Ohio-6862, ¶ 18-21. "Merely because counsel failed to advise him of the deadline for filing a petition does not show he was 'unavoidably prevented' from discovering the deadline on his own or from other sources. Ignorance of the law as to the time for filing is no excuse." *State v. Halliwell*, 134 Ohio App.3d 730, 735, 732 N.E.2d 405 (8th Dist.1999). Accordingly, Appellant's alleged state of being unaware of the law on postconviction relief does not satisfy an exception to the statute's timeliness requirements. *See State v. Wolff*, 7th Dist. No. 10-MA-184, 2012-Ohio-5575, ¶ 16.

*State v. Clay*, 2018-Ohio-985, 108 N.E.3d 642, ¶ 12 (7th Dist.). *Accord State v. Taylor*, 8th Dist. Cuyahoga No. 104892, 2018-Ohio-264, ¶ 4 (appellate counsel's failure to inform the defendant of the availablility of App.R. 26(B) or the 90-day deadline did not establish good cause for filing an untimely application). Accordingly, we conclude that counsel's alleged failure to inform Harwell of the time limitations of Crim.R. 33(B) did not result in Harwell's being "unavoidably prevented" from filing a timely motion for a new trial.

{¶ 23} Moreover, Harwell has not demonstrated that he was otherwise "unavoidably prevented" from filing a timely motion for a new trial. Harwell does not claim that he recently discovered new evidence and that he was unavoidably prevented from discovering the new evidence within the time period provided by Crim.R. 33(B). Harwell's bases for his motion for a new trial were alleged errors at trial, and he has neither asserted nor demonstrated that he could not have learned of the existence of those grounds for a new trial within the time limitations of Crim.R. 33(B).

{¶ 24} Because Harwell has not demonstrated by clear and convincing evidence that he was unavoidably prevented from timely filing the motion for a new trial, the trial court did not abuse its discretion in denying his motion for leave to file a motion for a new trial. The trial court was not required to grant Harwell's motion merely because the State did not oppose the motion; Harwell's procedural due process rights were not violated.

{¶ 25} Finally, Harwell claims that the trial court erred in failing to declare his conviction void, because he was "subjected to hybrid representation at trial." Harwell did not raise this issue in his motion for leave, and he cannot raise this new issue for the first time on appeal from the trial court's denial of his motion for leave. *See, e.g., State v. Armstrong*, 2d Dist. Montgomery No. 27413, 2018-Ohio-191, ¶ 7; *State v. Anderson*, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 4 (2d Dist.).

{¶ 26} Harwell's assignments of error are overruled.

### III. Conclusion

{¶ 27} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck
Sarah E. Hutnik
Michael D. Harwell
Hon. Mary L. Wiseman