[Cite as *State v. Harwell*, 2023-Ohio-3657.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29793 |
| | : | |
| v. | : | Trial Court Case No. 2012CR02367 |
| | : | |
| MICHAEL D. HARWELL | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 6, 2023

. . . . . . . . . . .

MICHAEL D. HARWELL, Pro Se Appellant

MATHIAS H. HECK, JR., by RICKY L. MURRAY, Attorney for Appellee

. . . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Michael D. Harwell appeals pro se from the trial court's order denying his pro se motion for leave to vacate a judgment or to file a motion for new trial related to his 2013 convictions for murder and other offenses. Because we agree with the trial court's conclusions that 1) evidence that any potential DNA on shell casings from the scene of the shooting may have been contaminated by a firearm examiner was not "newly

discovered" evidence and 2) there was other overwhelming evidence of Harwell's guilt, we find no abuse of discretion. The judgment of the trial court is affirmed.

**Background and Procedural History**

{¶ 2} In 2012, Harwell was indicted on 14 counts: two counts of felony murder, two counts of attempted felony murder, six counts of kidnapping, three counts of felonious assault, and one count of having weapons while under disability, including numerous firearm specifications. *State v. Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950, ¶ 2. The charges stemmed from Harwell's actions after he purchased two ounces of cocaine that, unbeknownst to him, had been cut/diluted with other substances. In an attempt to get his money back from the purchase, Harwell kidnapped two men, Jonathon Lambes and Jason Miller, who had both been involved in selling him the cocaine; Harwell also fired gunshots at both men, killing Miller. *Id.* at ¶ 3. Harwell was found guilty as charged. After merging several of the counts and specifications at sentencing, the trial court imposed an aggregate prison sentence of 32 years to life. *Id.* at ¶ 4.

{¶ 3} On appeal, we vacated Harwell's two attempted felony murder convictions pursuant to *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, in which the Ohio Supreme Court held that attempted felony murder is not a cognizable crime in Ohio. *Id.* at ¶ 5, citing *State v. Harwell*, 2d Dist. Montgomery No. 25852, 2015-Ohio-2966, ¶ 34-35. As a result of vacating these convictions, we remanded the matter to the trial court for resentencing. *Id.* at ¶ 90. We affirmed the judgment of the trial court in all other respects. *Id.*

{¶ 4} On remand, the trial court vacated the two attempted felony murder counts

and resentenced Harwell for the remaining offenses and firearm specifications. *Id.* at ¶ 6. The trial court again imposed an aggregate prison sentence of 32 years to life. *Id.* at ¶ 7. Harwell appealed, but we dismissed the appeal for lack of prosecution in February 2016. *Id.* at ¶ 8.

{¶ 5}  In May 2017, Harwell filed a pro se motion for resentencing pursuant to R.C. 2967.28.  In the motion, Harwell argued, among other things, that the trial court had not properly imposed post-release control when it resentenced him.  Specifically, Harwell claimed the trial court had failed to advise him that post-release control was mandatory for his two kidnapping offenses at the resentencing hearing and in its amended judgment entry, thus rendering his sentence partially void. *Id.* at ¶ 9.  The trial court denied Harwell's motion for resentencing, finding that the amended judgment entry had "plainly state[d]" that Harwell would "be supervised by the Parole Board for a period of FIVE (5) years Post-Release Control" on the kidnapping convictions after his release from prison. *Id.* at ¶ 10.  Harwell appealed, and we held that the trial court had properly imposed a five-year mandatory term of post-release control for his kidnapping convictions. *Id.* at ¶ 31.  We also rejected other arguments related to the imposition of post-release control on the felonious assault conviction and merger of additional offenses. *Id.* at ¶ 36.

{¶ 6}  In June 2018, Harwell filed a motion for leave to file a delayed motion for a new trial.  He claimed that his motion was untimely due to ineffective assistance of trial counsel, namely that his trial counsel had not informed him of the time requirements for filing a motion for a new trial.  Harwell further claimed he was entitled to a new trial based on "actual innocence" and that his trial counsel had been deficient for failing to object to

the trial court's jury instruction on reasonable doubt and the State's failure to prove all elements of felony murder. Harwell supported his motion for leave with his own affidavit attesting to his attorney's failure to inform him of the time requirements for a motion for a new trial. *State v. Harwell,* 2d Dist. Montgomery No. 28104, 2019-Ohio-643, ¶ 9.

{¶ 7} In August 2018, the trial court denied Harwell's motion for leave, finding that it relied on arguments that "were or could have been raised in his direct appeal." The court also found that Harwell had failed to present clear and convincing proof that he had been unavoidably prevented from timely filing his motion for a new trial and that the record did not support that he had been unavoidably prevented from the discovery of evidence upon which he relied. *Id.* at ¶ 11. Harwell appealed, and we affirmed. *Id.* at ¶ 21-24.

{¶ 8} in August 2019, Harwell filed a "Motion to Vacate Void Sentence," arguing that the trial court had failed to follow R.C. 2929.11 and 2929.12 when it resentenced him in 2015. *State v. Harwell,* 2d Dist. Montgomery No. 28697, 2020-Ohio-4845, ¶ 7. The trial court overruled the motion on the basis that Harwell's claims were barred by res judicata. Harwell appealed, and we affirmed the trial court's order; we agreed with the trial court's determination that Harwell's claims were barred by res judicata. *Id.* at ¶ 13.

{¶ 9} In May 2021, Harwell filed a motion to vacate his felony murder conviction, which the trial court denied on res judicata grounds and because it was untimely; we affirmed the trial court's order. *State v. Harwell,* 2d Dist. Montgomery No. 29156, 2021-Ohio-3754. The trial court also denied a May 2021 motion by Harwell for post-conviction "touch DNA" testing of cartridge casings and a t-shirt; we affirmed that decision in *State v. Harwell,* 2d Dist. Montgomery No. 29318, 2022-Ohio-2706.

{¶ 10} In September 2022, Harwell filed a pro se motion for leave to file a motion to vacate his conviction or a motion for a new trial pursuant to R.C. 2953.23. This is the filing at issue in this appeal. The trial court overruled the motion for leave on May 5, 2023. The trial court treated the motion to vacate as a motion for post-conviction relief and found that the request was untimely; it also found that Harwell's arguments were "fully barred" by res judicata. Harwell appeals from this order.

**Assignment of Error and Analysis**

{¶ 11} Harwell raises the following assignment of error:

TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL PURSUANT TO CRIM.R. 33(B) WHERE APPELLANT HAS A VALID CLAIM DUE TO UNDISCLOSED MATERIAL EXCULPATORY EVIDENCE[,] A VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER ART. 1, §16 OF THE OHIO CONSTITUTION AND 14TH AMENDMENT DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION.

{¶ 12} In his motion for leave to file a motion to vacate or for a new trial, Harwell proclaimed his innocence. The crux of his argument was that the firearm examiner at the Miami Valley Regional Crime Laboratory ("MVRCL") had improperly handled cartridge casings relevant to the case without gloves, which made them "unsuitable for touch DNA testing" thereafter, that the State had known of this fact prior to Harwell's indictment, and that this information had not been disclosed to Harwell prior to trial. Further, Harwell asserted that the firearm examiner, who had testified at trial, had committed perjury when

he repeatedly asserted that he had conducted the tests using scientifically accepted methods and with due caution. Harwell's arguments were based in part on July 2021 correspondence from the MVRCL in response to a new application from Harwell for DNA testing of shell casings. The correspondence noted that the casings were "no longer in the same condition as found" (because they had been handled without gloves) and were "unsuitable for touch DNA testing."

{¶ 13} Harwell argued that the prosecution had been required to disclose all exculpatory and impeachment evidence. Harwell cited *State v. Hill,* 2019-Ohio-3921, 145 N.E.3d 1128 (2d Dist.), a case in which there was a brief discussion of the fact that the same firearm examiner, Chris Monturo, had similarly touched a firearm and/or shell casings without gloves before they were analyzed by a DNA expert, and the DNA expert had expressed concern that this could have affected the DNA results.

{¶ 14} The trial court denied Harwell's motion, which it treated in part as a petition for post-conviction relief. The trial court noted that R.C. 2953.23, the post-conviction statute, "prohibits the court from entertaining an untimely petition, second petition, or successive petitions for post-conviction relief unless the petitioner shows the applicability of the timeliness exception" under R.C. 2953.23(A)(1)(a-b) and (A)(2). The court found Harwell's petition to be untimely.

{¶ 15} Further, court found that his alternative motion for leave to file a motion for a new trial was also untimely, because Harwell failed to demonstrate that he had been unavoidably prevented from timely filing the motion for a new trial or discovering new evidence within the time period provided by Crim.R. 33(B), and that Harwell's arguments

were barred by res judicata. The court noted that the laboratory report upon which Harwell based his arguments had existed at the time of his trial.

{¶ 16} Additionally, the court found that "regardless of whether DNA existed on the shell casings," Harwell's guilt and his identity as the perpetrator of the offenses had been established through extensive evidence unrelated to DNA, as previously discussed in *Harwell*, 2d Dist. Montgomery No. 29318, 2022-Ohio-2706, at ¶ 33-37. The court denied the motion based on "untimeliness, res judicata, and failure to demonstrate that shell casing DNA would alter the outcome[.]"

{¶ 17} Harwell raises the same arguments on appeal, asserting that he established that he had been unavoidably prevented from moving for a new trial within the time specified in Crim.R. 33(B) and that the trial court had abused its discretion in denying his motion for leave to file a motion for a new trial. Harwell contends that the State failed to rebut his claim. His brief does not address the denial of his motion to vacate or its treatment as a petition for postconviction relief.

{¶ 18} Harwell directs our attention to *State v. Hill*, which states:

Mary Cicco, a forensic scientist in the serology and DNA section at the Miami Valley Regional Crime Laboratory ("MVRCL"), was designated as an expert in forensic science specializing in serology and DNA. Cicco testified that she swabbed State's Exhibit 36, the gun, for touch DNA on the grip, the slide, and the trigger. She testified that, before she analyzed the gun, it had been submitted to the firearm section of the MVRCL. She stated that she expressed concern to Det. Steele because she knew the

people working in the firearm section did not wear gloves; her concern was that she "would pick up DNA from each and every one of the analysts that had also touched the item."   Cicco testified that she was provided with Hill's DNA standard.   In testing the weapon, she "obtained a partial mixed DNA profile," but she made no determination with regard to Hill being a contributor.   She could not exclude him, which meant she was "looking at this mixed profile of a couple of individuals. I see possible DNA types that may have come from him; however, I cannot state that definitively."

*Hill,* 2019-Ohio-3921, 145 N.E.3d 1128, at ¶ 43.   Chris Monturo of the MVRCL also testified in *Hill* regarding his examination and test-firing of the weapon used in the case as well as bullet fragments and shell casings.   *Id.* at ¶ 44.

{¶ 19} Harwell argues that the State "told the jury that this case was solved by the use of scientific and **DNA** evidence" and, therefore, its failure to disclose Monturo's alleged mishandling of the evidence was "material and exculpatory."   In support of this argument, Harwell also cites testimony at trial from Jonathan Lambes, the surviving victim, that he did not see Harwell "with a gun in his hand" and that another man was the only one with a gun in his hand.   Harwell asserts that, in a July 13, 2013 memo, the State acknowledged that Harwell did not have a gun at the crime scene.   Based on this evidence, Harwell asserts that the State's reliance on Monturo's testimony made the undisclosed evidence about Monturo's handling of the evidence "even more exculpatory in nature."

{¶ 20} According to Harwell, the absence of his DNA on the shell casings would

establish his innocence. He argues that he sought leave to file a motion for a new trial based upon the July 16, 2021 correspondence from the crime lab, not evidence that existed before trial and not Monturo's lab report. He argues that the July 16, 2021 correspondence brought Monturo's testimony that he had followed the MVRCL policies and procedures into question. Harwell argues that with "the destruction of exculpatory material evidence by the state's actors, this case certainly represents violations of petitioner's due process rights."

{¶ 21} Although Harwell's brief focuses on the denial of his motion for leave to file a motion for a new trial, the State's brief focuses on the denial of his alternative petition for post-conviction relief pursuant to R.C. 2953.23. The State echoes the trial court's conclusion that Harwell's guilt and the identity as the offender were established through extensive evidence unrelated to DNA, and therefore Harwell cannot establish that "no reasonable factfinder would have found him guilty absent" the evidence upon which he relies about possible interference with the DNA testing of the shell casings based on Monturo's handling of that evidence.

{¶ 22} In *State v. Harwell*, 2d Dist. Montgomery No. 28104, 2019-Ohio-643, ¶ 14-17, we discussed the standard for our review of a motion for leave to file a motion for a new trial:

Motions for a new trial are governed by Crim.R. 33. Crim.R. 33(A), which sets forth the authorized bases for a new trial, provides:

(A) **Grounds**. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. * * *;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *

Except for motions based on newly discovered evidence under Crim.R. 33(A)(6), a motion for new trial "shall be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * * [.]" Crim.R. 33(B). In contrast, a motion for new trial based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *[.]" *Id.*

In order to file a motion for new trial after the expiration of the time

periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion. *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002); *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.). "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)." (Citations omitted.) *Warwick* at *2. "The reference to 'clear and convincing proof' means something more than bare allegations or statements in a motion." *State v. Morris*, 2d Dist. Montgomery No. 26949, 2017-Ohio-1196, ¶ 19. "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he [or she] submits documents that on their face support his [or her] claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *Lanier* at ¶ 16.

" '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Parker* at ¶ 16, quoting *State v. Walde*n, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

"[A] defendant fails to demonstrate that he or she was unavoidably prevented from discovering new evidence when he would have discovered that information earlier had he or she exercised due diligence and some effort." *State v. Lenoir*, 2d Dist. Montgomery No. 26846, 2016-Ohio-4981, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 11, citing *Warwick*.

**{¶ 23}** " 'Newly discovered evidence' is 'evidence of facts in existence at the time of trial of which the party seeking a new trial was justifiably ignorant.' " *State v. Love*, 1st Dist. Hamilton Nos. C-050131, C-050132, 2006-Ohio-6158, ¶ 43.

"Evidence which merely impeaches or contradicts evidence in the former trial is insufficient to support a motion for a new trial." (Citations omitted.) *State v. Wright*, 67 Ohio App.3d 827, 831, 588 N.E.2d 930 (2d Dist.1990). " 'The test is whether the newly discovered evidence would create a strong probability of a different result at trial, or whether it is merely impeaching or contradicting evidence that is insufficient to create a strong probability of a different result.' " *Id.*, quoting *Dayton v. Martin*, 43 Ohio App.3d 87, 90, 539 N.E.2d 646 (2d Dist.1987).

*State v. Morris*, 2d Dist. Montgomery Nos. 26949, 26960, 2017-Ohio-1196, ¶ 13.

**{¶ 24}** Finally, we review the trial court's denial of leave to file a motion for a new trial for an abuse of discretion. *State v. Devaughns*, 2d Dist. Montgomery No. 25826, 2015-Ohio-452, ¶ 15. An abuse of discretion occurs when the decision of a court is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217,

219, 450 N.E.2d 1140 (1983).

{¶ 25} Harwell was required to obtain leave to file a delayed motion for a new trial. He was convicted in July 2013. He did not file his motion for leave to file a delayed motion for new trial until July 17, 2023, ten years later and well beyond the time limitations in Crim.R. 33(B). The burden was on Harwell to submit documents which, on their face, supported his claim that he had been unavoidably prevented from timely discovery of the new evidence. We conclude that the trial court did not abuse its discretion in overruling his motion without a hearing. DNA testing was widely available at the time of Harwell's trial and, with due diligence, Harwell could have discovered Monturo's conduct in testing the casings in a timely manner. Monturo was subject to cross-examination at trial by defense counsel about his methods. In other words, the evidence upon which Harwell relied was not newly discovered evidence. Most significantly, even if we were to find that there was newly discovered evidence that Monturo had compromised the integrity of any DNA on the shell casings and/or had committed perjury at trial about the procedures he used which Harwell had been unavoidably prevented from discovering (which we do not), we would not conclude that the evidence was exculpatory as Harwell asserts.

{¶ 26} In *Harwell*, 2d Dist. Montgomery No. 29318, 2022-Ohio-2706, we examined this issue as follows:

> Under R.C. 2953.74(C)(3), the trial court may only accept an application for DNA testing if, "at the trial stage * * *, the identity of the person who committed the offense was an issue." As the State points out, it was not. Harwell was convicted as the principal and/or aider and abettor

under a complicity theory; there were two men involved: Harwell and the man in the purple car. After he escaped and was interviewed by the police, Lambes identified Harwell in a photo spread as being involved in the kidnapping and shooting, and then at trial, Lambes acknowledged him as the perpetrator. Lambes also testified that he was "not going to forget who drove me around for a couple hours of my life just to take me somewhere just to have me done in. I'm not going to forget that face[.]" Trial Tr. at 872.

Cell phone records indicated that Harwell was involved. Not only did he make multiple calls with witnesses and victims during the ordeal, but evidence was presented that his cell phone was at or around Guthrie Road at the time of the shooting. The trial court did not err by denying his application on the authority of R.C. 2953.74(C)(3).

The trial court also found that Harwell's application would fail under R.C. 2953.74(C)(4), which states that the exclusion result must be outcome determinative. Outcome determinative means that had the results of DNA testing of the offender been presented at the trial, there is a strong probability he would not have been found guilty. There was ample evidence to convict.

Even if we accept Harwell's theory that testing the casings and Lambes's t-shirt would have yielded a result establishing the presence of another's DNA, that sort of result would not be outcome determinative. Rather, it would merely establish that someone else touched the cartridge

casings and had contact with Lambes. It would not negate the substantial amount of credible evidence of Harwell's involvement in the kidnappings and murder. *See State v. Moten*, 2d Dist. Greene No. 2005-CA-5 and 2020-CA-23, 2021-Ohio-233; *State v. Sells*, 2017-Ohio-987, 86 N.E.3d 891 (2d Dist.); *State v. Mason*, 5th Dist. Ashland No. 2020CA00023, 2020-Ohio-6895, ¶ 47-48 ("[I]n order for the trial court to find that touch DNA evidence on the clothing would be outcome determinative, it would have to disregard all the evidence provided at trial."); *State v. Ridley*, 2020-Ohio-2779, 154 N.E.3d 462, ¶ 60 (3d Dist.) ("Given the high degree of flexibility in the State's theory of the case, a DNA testing result proving that another person interacted with [the] items would not foreclose Ridley as a perpetrator[.]").

*Id.* at ¶ 33-37.

**{¶ 27}** Based upon the foregoing, Harwell's assignment error is overruled. The evidence was not newly discovered, nor did it create a strong probability of a different result at trial, given the overwhelming evidence of Harwell's guilt. The judgment of the trial court is accordingly affirmed.

. . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.