[Cite as *State v. Johnson*, 2012-Ohio-2542.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                    :            C.A. CASE NO.    24775

v.                                              :            T.C. NO.    10CR1201/2

WILLIAM A. JOHNSON                              :            (Criminal appeal from
                                                             Common Pleas Court)

    Defendant-Appellant                   :

                                                :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the   8th   day of    June   , 2012.

· · · · · · · · · ·

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 424 Patterson Rd., Dayton, Ohio 45419
      Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1} William Johnson appeals from the denial of his petition for post-conviction relief. Because the trial court properly denied the petition, the judgment of

the trial court will be affirmed.

I.

{¶ 2} In May 2010, Johnson was indicted on two counts of aggravated robbery with firearm specifications, four counts of kidnapping with firearm specifications, and one count of tampering with evidence. Two months later, Johnson pled guilty to all counts and specifications. On August 18, 2010, the trial court sentenced him to fourteen years in prison.

{¶ 3} Johnson timely appealed from his conviction. *State v. Johnson*, 2d Dist. Montgomery No. 24260. On October 27, 2010, a CD with a video recording of the hearing on his "motion for costs of expert" and his sentencing was filed with this Court. The following day, the clerk of court issued its App.R. 11(B) notification, which informed the parties that the record on appeal was complete. No written transcript was filed, and there is nothing in the record to suggest that Johnson made any effort to have a written transcript prepared. In March 2011, after notice to Johnson, we dismissed his appeal because he had failed to file a brief.

{¶ 4} On April 26, 2011, Johnson filed a petition for post-conviction relief, claiming that his trial counsel rendered ineffective assistance and that counsel's deficiencies could not have been raised on direct appeal. Johnson supported his petition with his own affidavit and an affidavit from his grandfather. The State moved for summary judgment on the grounds that Johnson's petition failed to state substantive grounds for relief and his claims were barred by res judicata.

{¶ 5} The trial court granted the State's motion for summary judgment and

overruled Johnson's petition without a hearing. It found that Johnson had "failed to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that his defense was prejudiced by counsel's ineffectiveness." The court noted that Johnson's "broad, conclusory statements" did not warrant an evidentiary hearing.

{¶ 6} Johnson appeals from the trial court's judgment.

## II.

{¶ 7} In his sole assignment of error, Johnson claims that "[t]he trial court committed error by granting the State's motion for summary judgment and overruling Appellant's petition for post-conviction relief without granting a hearing."

{¶ 8} An appellate court reviews a trial court's denial of a petition for post-conviction relief under an abuse-of-discretion standard. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 9} A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *Gondor* at ¶ 48; *State v. Steffan,* 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffan*, 70 Ohio St.3d at 410; *State v. Calhoun,* 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 10} Petitions for post-conviction relief are governed by R.C. 2953.21 through

R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A).

{¶ 11} The State asserts, as a preliminary matter, that no hearing was necessary because Johnson's petition was not timely filed. Although the State did not raise this argument in the trial court, the issue was not waived, as the trial court lacks jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. §2953.23(A). *See State v. James*, 10th Dist. Franklin No. 11AP-246, 2011-Ohio-6457, ¶ 14 (the State "neither may waive nor forfeit" the jurisdictional limitation in R.C. 2953.21); *State v. West*, 2d Dist. Clark No. 08 CA 102, 2009-Ohio-7057, ¶ 7 ("The time bar imposed by R.C. 2953.21(A) is jurisdictional.").

{¶ 12} When a direct appeal has been taken, a petition for post-conviction relief must be filed "no later than one hundred and eighty days after the date on which the trial transcript is filed in the court of appeals * * *." R.C. 2953.21(A)(2). If no direct appeal is filed, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Id.*

{¶ 13} The State argues that, because no written transcript was filed in his direct appeal, Johnson was required to file his petition for post-conviction relief within 180 days of the expiration of the time for filing the direct appeal. The State thus contends that any petition for post-conviction relief needed to have been filed by March 16, 2011; Johnson did not file his petition until April 26, 2011, six weeks after that date. We disagree with the

State's contention that we should treat Johnson's petition as if no appeal had been filed.

{¶ 14} The Ohio Supreme Court recently addressed when the "trial transcript" is filed for purposes of calculating the time by which to file a petition for post-conviction relief. *State v. Everette*, 129 Ohio St.3d 317, 2011-Ohio-2856, 951 N.E.2d 1018. In that case, Everette's petition was filed within 180 days of the filing of the written transcript, but more than 180 days after the filing of the videotapes of the proceedings. The supreme court noted that the post-conviction relief statute did not define "trial transcript," and it concluded that the common usage of the terms "transcript" or "transcript of proceedings" required that a transcript be in written, typed, or printed form. *Id.* at ¶ 16-20. (The court further commented that its holding was consistent with the soon-to-be effective July 1, 2011 amendments to App.R. 9, which now requires a written transcript for the record on appeal, regardless of the method of recording the proceedings.)

{¶ 15} The Ohio Supreme Court expressly rejected the State's assertion that the issue was governed by the portion of then-App.R. 9(A), which provided, "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form." The court explained,

Significantly, the rule later states: "When the written form is certified by the reporter in accordance with App.R. 9(B), such written form *shall* then constitute the transcript of proceedings." (Emphasis added.) Thus, although it is true that a videotape recording of the proceedings constitutes the transcript of the proceedings when a written transcript is not provided,

pursuant to this exception, when a written transcript is certified by the reporter, it constitutes the "transcript of proceedings" under App.R. 9(A). We thus hold that whenever a written transcript is certified by the reporter in accordance with App.R. 9(A), the written transcript shall constitute the trial "transcript" or "transcript of proceedings" for purposes of calculating the time by which to file a petition for postconviction relief. *A videotape recording constitutes the trial transcript or transcript of proceedings only when there is no written transcript certified by the reporter.*

(Emphasis added.) *Everette* at ¶ 27. The supreme court concluded in Everette's case that the time for filing his petition began to run when the written transcript was filed.

{¶ 16} In this case, Johnson was sentenced on August 18, 2010, and he timely filed a notice of appeal. Consequently, Johnson had 180 days from the filing of the trial transcript in his appeal to file his petition for post-conviction relief. A CD containing a video recording of the hearing was filed on October 27, 2010. Because no written transcript was filed, the filing of the CD constituted the trial transcript for purposes of calculating the date by which Johnson was required to file his petition for post-conviction relief. Johnson's petition was filed on April 26, 2011, which was 181 days after the filing of the CD.

{¶ 17} Pursuant to R.C. 2953.23(A), a defendant may file an untimely petition for post-conviction relief if he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or if the United States Supreme Court recognizes a new federal or state right that the petitioner alleges applies retroactively to his situation. The petitioner must also show by clear and convincing evidence that, if not for the constitutional

error from which he suffered, no reasonable factfinder could have found him guilty. *Id.*

{¶ 18} Johnson offers no explanation for the late filing of his petition. He proffers no evidence that he was unavoidably prevented from discovering, and he makes no claim that the Supreme Court has recognized a new right that applies to him. Thus, he does not meet the first requirement set forth in R.C. 2953.23(A). Having failed to demonstrate the first statutory requirement, it is impossible for him to meet the second. Because Johnson fails to establish either of the conditions that could excuse an untimely filing, the trial court was without jurisdiction to entertain the petition. When a trial court lacks jurisdiction to consider an untimely petition, it is not necessary for the court to hold an evidentiary hearing on that petition. *State v. Foster,* 10th Dist. Franklin No. 09AP-227, 2009-Ohio-5202, ¶ 8.

{¶ 19} Even if Johnson's petition were timely filed, an evidentiary hearing is not required for every petition seeking post-conviction relief. *Gondor* at ¶ 51. A petition may be dismissed without a hearing when the petitioner fails to set forth sufficient operative facts to establish substantive grounds for relief in his petition, the supporting affidavits or documentary evidence, or in the trial court record. *Id.*; R.C. 2953.21(C).

{¶ 20} In both his petition and in his appellate brief, Johnson offers five cursory arguments that his trial counsel was ineffective. He insists that (1) counsel failed to file a motion to suppress, (2) counsel failed to request severance of the various counts of the indictment, (3) counsel did not interview potential alibi witnesses, (4) counsel did not sufficiently explain the discovery to Johnson, and (5) counsel led Johnson to believe that he would receive no more than a ten-year sentence if he pled guilty to the offenses. In support

of these claims, Johnson provided the trial court only with his self-serving affidavit and with an affidavit from his grandfather, which purports to provide some evidence of alibi.

{¶ 21}     Johnson provides no explanations of what evidence counsel should have sought to have suppressed or why, and he offers no argument in support of which counts should have been severed, or on what bases.   Johnson fails to explain how his grandfather's affidavit would support an alibi defense.   Similarly, he offers no explanation of what discovery he failed to understand, or why he believed that there was an agreement to a ten-year sentence, when the record rebuts both claims.   Therefore, we would agree with the trial court's conclusion that he "failed to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that his defense was prejudiced by counsel's ineffectiveness."

{¶ 22}     Accordingly, the trial court did not abuse its discretion in denying Johnson's untimely petition for post-conviction relief without a hearing.   Johnson's assignment of error is overruled.

III.

{¶ 23}     The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Jay A. Adams
Hon. Mary Katherine Huffman