[Cite as *State v. Beatty-Jones*, 2017-Ohio-2605.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27328 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-983 |
| | : | |
| CHRISTOPHER S. BEATTY-JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of April, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LYNNE R. NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER S. BEATTY-JONES, Inmate No. 636-781, Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** This matter is before the court on the appeal of Defendant-Appellant, Christopher Beatty-Jones, from an order denying his pro se motion for post-conviction relief.   In support of his appeal, Appellant contends that the trial court erred by failing to find that his conviction for murder was void.   We conclude that the trial court did not commit any error.   Accordingly, the judgment of the trial court will be affirmed.

## I.   Facts and Course of Proceedings

**{¶ 2}** Appellant's conviction arose from events that occurred in March 2010, when he engaged in a struggle with two security guards in a parking lot at Western Manor apartment complex in Dayton, Ohio.   Appellant shot both guards, one of whom died a few days later from his wounds.   After a jury trial, Appellant was convicted of six felonies, including four felonious assaults, attempted felony murder, and felony murder, all with firearm specifications, and was sentenced to a total of 28 years in prison.   Following Appellant's direct appeal, we affirmed the convictions and sentences in July 2011.   *See State v. Beatty-Jones*, 2d Dist. Montgomery No. 24245, 2011-Ohio-3719, ¶ 1-7.

**{¶ 3}** Subsequently, in July 2012, the Supreme Court of Ohio denied Appellant's motion for leave to file a delayed appeal.   *State v. Beatty-Jones*, 132 Ohio St.3d 1460, 2012-Ohio-3054, 969 N.E.2d 1229.

**{¶ 4}** In May 2014, we denied Appellant's pro se application to reopen his direct appeal, because the application was untimely and lacked merit.   *See State v. Beatty-Jones*, 2d Dist. Montgomery No. 24245 (May 30, 2014).   Appellant's argument for reopening was based on the fact that his appellate counsel had failed to argue violations of the U.S. Constitution.   We indicated that the Ohio case law and statutes cited in the

prior appellate brief were "based on or reflect principles derived from the U.S. Constitution," and that many of these cases "directly cite the Constitution or Supreme Court cases." *Id.* at p. 2. We further stated that appellate counsel's arguments and citations adequately alerted us to pertinent constitutional issues. *Id.* at p. 3.

{¶ 5} Shortly thereafter, Appellant filed another pro se motion for reconsideration, and we rejected that as well. *See State v. Beatty-Jones*, 2d Dist. Montgomery No. 24245 (July 8, 2014). Appellant's appeal from our initial reconsideration decision to the Supreme Court of Ohio was rejected in September 2014. *See State v. Beatty-Jones*, 140 Ohio St.3d 1442, 16 N.E.3d 684 (2014). Appellant did not appeal from the denial of his second motion for reconsideration.

{¶ 6} On October 6, 2014, Appellant filed a document with our court entitled "Delayed and/or Hybrid Application for Reconsideration per *State v. Gandy*, 2010-Ohio-2873." In this pro se application, Appellant raised an issue regarding his direct appeal. Appellant contended that we erred in holding that the firearm specifications should not have been merged because they were not part of the same transaction. In December 2014, we denied the application because it was untimely and lacked merit. *See State v. Beatty-Jones*, 2d Dist. Montgomery No. 24245 (Dec. 31, 2014). Appellant appealed to the Supreme Court of Ohio from this decision, and the court rejected his appeal in May 2015. *State v. Beatty Jones*, 142 Ohio St.3d 1467, 2015-Ohio-1896, 30 N.E.3d 975.

{¶ 7} On September 28, 2016, Appellant filed a motion in the trial court, asking the court to vacate and set aside his convictions and sentences based on plain error or structural error because the judgments were void. The motion was based on the contention that the trial court failed to properly instruct the jury with respect to one of the

elements of murder.

**{¶ 8}** The trial court overruled Appellant's motion in October 2016, and this appeal followed.

## II.   Alleged Void Convictions and Sentences

**{¶ 9}** Appellant's First Assignment of Error states that:

The Lower Court Failed as a Matter of Law to Address Defendant-Appellant's Motion to Vacate His Void, Illegal and Contrary to Law Judgment, Conviction, and Sentence, When the Trial Court Failed to State Defendant-Appellant's Conviction, and Sentence Was Not Void in Its Decision Denying Defendant-Appellant['s Motion].

**{¶ 10}** Under this assignment of error, Appellant contends that the trial court erred by failing to address the merits of his motion.   Appellant contends that his convictions are void, and that voidness can be addressed at any time without the bar of res judicata or any other procedural barrier, including requirements for post-conviction relief.   As the basis for his contention that his convictions are void, Appellant argues that the trial court failed to properly instruct the jury on the elements of murder during the trial.   According to Appellant, the court should have instructed the jury that the underlying felony offense for murder must be an offense of violence of the first or second degree.

**{¶ 11}** As was noted, Appellant was charged with four counts of felonious assault, one count of attempted murder, and one count of felony murder.   *Beatty-Jones,* 2d Dist. Montgomery No. 24245, 2011-Ohio-3719, at ¶ 7.   Two felonious assault charges involved the murder victim, James Locker.   One charge involved "felonious assault (serious physical harm)," and the other involved "felonious assault (deadly weapon)."   *Id.*

{¶ 12} In this regard, the trial court instructed the jury as follows:

Before you can find the Defendant guilty of murder, you must find beyond a reasonable doubt that between the dates of March 30, 2010, and April 3, 2010, and in the County of Montgomery, State of Ohio, Christopher Beatty-Jones did cause the death of another, James Locker, as a proximate result of committing the crime of felonious assault, deadly weapon, a felony offense of violence.

* * *

Before you can find that the Defendant is guilty of * * * the murder of James Locker, you must find beyond a reasonable doubt that the Defendant committed against James Locker the offense of * * * felonious assault deadly weapon.

The elements of, and definitions, concerning felonious assault, deadly weapon previously given apply as if re-written.

Transcript of Proceedings, Vol. V., pp. 910-911.

{¶ 13} Appellant was charged with and convicted of a violation of R.C. 2903.02(B), which provides that "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code."

{¶ 14} In the motion to vacate filed with the trial court, Appellant suggested that "[t]he Court would have been better served by stating the instruction as follows: '. . . An Offense of violence that is a felony of the first or second degree, to wit: Felonious Assault,

and that is not a violation of 2903.03 or 2093.04.' " Doc. #3, p. 7.

{¶ 15} The trial court rejected Appellant's motion on three grounds: (1) it was untimely if construed as a Crim. R. 33 motion for new trial; (2) it was untimely if construed as a petition for post-conviction relief under R.C. 2953.21; and (3) the court could find no basis for the requested relief.

{¶ 16} "A void sentence 'is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.' " *State v. Johnston*, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 14, quoting *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 8. "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27.[1] *Accord State v. Wade*, 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171, ¶ 10, fn. 1. "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *Simpkins* at ¶ 12.

{¶ 17} In the case before us, the trial court had jurisdiction and authority to act. If error existed in the jury instructions, it would have rendered the judgment voidable only. This issue could have been raised during Appellant's direct appeal, and is barred by res judicata. *See, e.g., State v. Lawrence*, 2d Dist. Montgomery No. 27014, 2016-Ohio-

---

[1] *In State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, the court noted that *Simpkins* had been "*superseded on other grounds by statute as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958." (Italics in original.) *Holdcroft* at ¶ 5.

7626, ¶ 15 (concluding that "alleged defect in the verdict form does not create a jurisdictional defect," and that such defects not raised during direct appeal are barred by res judicata.)

{¶ 18} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 19} In *Lawrence*, we stressed that the res judicata " 'doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.' " *Lawrence* at ¶ 15, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶ 20} The type of error alleged in the case before us is akin to the defect in verdict form in *Lawrence*; it is not a jurisdictional defect. Accordingly, it cannot be raised at this juncture. Furthermore, even if the argument could be raised, it is without merit. Appellant's suggestion about how the instruction could have been worded is a classic example of a "distinction without a difference."

{¶ 21} As was noted, the trial court also rejected Appellant's motion based on the fact that it was untimely under Crim.R. 33 and R.C. 2953.21. We agree with the trial court.

{¶ 22} We have previously observed that "trial courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged * * *." *State v. Isa*, 2d Dist. Champaign No. 2015-CA-44, 2016-Ohio-4980, ¶ 8, citing *State v. Bush*, 96 Ohio St.3d 235, 2002–Ohio–3993, 773 N.E.2d 522, ¶ 10. To the extent that Appellant's motion could be considered a motion for new trial under Crim.R. 33, it must have been filed within 14 days after the verdict was rendered. Crim.R. 33(B). As the trial court noted, an exception would be permitted if "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * *." No such grounds were asserted in Appellant's motion to vacate.

{¶ 23} Moreover, to the extent the motion could be construed as a petition for post-conviction relief, it was also untimely. R.C. 2953.21(A)(2) requires that such motions be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." Since we affirmed Appellant's convictions and sentences on direct appeal nearly six years ago, the petition was clearly untimely. R.C. 2953.22(A) allows untimely petitions to be entertained under certain conditions, but Appellant did not assert any such conditions.

{¶ 24} Because the trial court did not err in overruling Appellant's motion to vacate, the First Assignment of Error is overruled.

### III. Lack of Final Appealable Order due to Voidness

{¶ 25} Appellant's Second Assignment of Error states that:

> When the Judgment of Conviction and Sentence Rendered by the

Trial Court is Void, the Judgment is Not a "Final" or "Appealable" Order. The Defendant-Appellant's Direct Appeal Subsequent to That Void Judgment is Equally Void and It is as if The Direct Appeal Never Occurred.

{¶ 26} We have already concluded that error in the jury instructions (which did not occur) would render the judgment voidable, rather than void. In light of this conclusion, the Second Assignment of Error is without merit and is overruled.

IV. Lack of Enforceability

{¶ 27} Appellant's Third Assignment of Error states that:

Do Judgments Lacking Enforceability Become More Legal over Time.

{¶ 28} Under this assignment of error, Appellant contends that if the prior judgment is permitted to stand, it will mean that all void judgments become "more legal" over time if they are unchallenged. As was noted, no void judgments are involved in this case. Accordingly, Appellant's Third Assignment of Error is without merit and is overruled.

IV. Conclusion

{¶ 29} All of Appellant's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Lynne R. Nothstine

Christopher S. Beatty-Jones
Montgomery County Common Pleas Court
c/o Hon. Mary Katherine Huffman, Administrative Judge