[Cite as *State v. Harwell*, 2020-Ohio-4845.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28697 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-2367 |
| | : | |
| MICHAEL D. HARWELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of October, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL D. HARWELL, #A687-427, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Michael D. Harwell appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his "Motion to Vacate Void Sentence." Harwell filed a timely notice of appeal on January 30, 2020.

{¶ 2} In 2012, Harwell was indicted on 14 counts: two counts of felony murder, two counts of attempted felony murder, six counts of kidnapping, three counts of felonious assault, and one count of having weapons while under disability; except for the count of having weapons under disability, each of the counts included a three-year firearm specification. We discussed the history of the case in *State v. Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950, and repeat it herein in pertinent part:

According to the record, the aforementioned charges stemmed from Harwell's actions after he purchased two ounces of cocaine that, unbeknownst to him, was cut/diluted with other substances. In an attempt to get his money back from the purchase, it was alleged that Harwell kidnapped two men, Jonathon Lambes and Jason Miller, who were both involved in selling Harwell the cocaine. It was also alleged that Harwell fired gunshots at both men, which resulted in Miller's death.

Following his indictment, Harwell pled not guilty to all the charges and the matter proceeded to trial. Thirteen of the fourteen counts against Harwell were tried before a jury, as Harwell elected to have a bench trial on Count 14, having a weapon under disability. After trial, Harwell was found guilty as charged on all counts raised in the indictment. Thereafter, the trial court merged several of the counts and firearm specifications at sentencing and imposed an aggregate prison sentence of 32 years to life. Harwell then

appealed.

On appeal, we vacated Harwell's two attempted felony murder convictions pursuant to the Supreme Court of Ohio's decision in *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, which held that attempted felony murder is not a cognizable crime in Ohio. *State v. Harwell*, 2d Dist. Montgomery No. 25852, 2015-Ohio-2966, ¶ 34-35. As a result of vacating these convictions, we remanded the matter to the trial court for resentencing. *Id.* at ¶ 90. The judgment of the trial court was affirmed in all other respects. *Id.*

On remand, the trial court held a resentencing hearing on August 13, 2015, in accordance with our decision in Harwell. At the resentencing hearing, the trial court vacated the two attempted felony murder counts as instructed and resentenced Harwell for the remaining offenses and firearm specifications. In resentencing Harwell, the trial court once again merged several of the offenses and firearm specifications. The merger resulted in Harwell being sentenced for one count of felony murder, two counts of kidnapping, one count of felonious assault, and two three-year firearm specifications.

Harwell received 15 years to life in prison for felony murder, 11 years in prison for each kidnapping offense, 8 years in prison for felonious assault, and 3 years in prison for each firearm specification. The trial court ordered the 11-year sentence for the first kidnapping offense to run consecutively with the 15-year-to-life sentence for felony murder. The trial court also

ordered the 11-year sentence for the second kidnapping offense to run concurrently with the sentences for felony murder and the first kidnapping offense. The trial court further ordered the 8-year sentence for felonious assault to run concurrently with the sentences for felony murder and both kidnapping offenses. The two three-year firearm specifications were then ordered to run prior [to] and consecutive to all the other sentences and consecutively to each other, thus resulting in a total prison sentence of 32 years to life.

The trial court journalized Harwell's resentencing via an amended termination entry filed on August 18, 2015. Approximately a month later, Harwell filed a notice of appeal from that judgment; however, we subsequently dismissed the appeal for lack of prosecution. Decision and Final Judgment Entry (Feb. 1, 2016), 2d Dist. Montgomery App. Case No. 26838.

Over a year later, on May 16, 2017, Harwell filed a pro se motion for resentencing pursuant to R.C. 2967.28. In the motion, Harwell argued that the trial court did not properly impose post-release control when it resentenced him, thus rendering his sentence partially void. Specifically, Harwell claimed the trial court failed to advise that post-release control was mandatory for his two kidnapping offenses at the resentencing hearing and in the August 18, 2015 amended termination entry.

On June 27, 2017, the trial court issued a written decision denying Harwell's motion for resentencing. In so holding, the trial court interpreted

Harwell's pro se motion as challenging only the post-release control notice in the amended termination entry, finding the entry "on its face * * * plainly states that 'the Defendant Will be supervised by the Parole Board for a period of FIVE (5) years Post-Release Control after the Defendant's release from imprisonment' on both the Count 5 and Count 6 kidnapping convictions." Decision, Order and Entry Denying Defendant's Motion for Resentencing (June 27, 2017), Montgomery County Court of Common Pleas Case No. 2012-CR-02367, Docket No. 15, p. 5.

*Id.* at ¶ 3-10.

**{¶ 3}** Harwell appealed, and we held that the trial court properly imposed a five-year mandatory term of post-release control for his first-degree felony kidnapping convictions. *State v. Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950, ¶ 31. Furthermore, we held that although the trial court failed to impose the applicable three-year mandatory term of post-release control for Harwell's felonious assault conviction, that term of post-release control was subsumed by the five-year term imposed for his kidnapping convictions, as "the period of post-release control for all of the sentences shall be the period of post-release control that expires last[.]" R.C. 2967.28(F)(4)(c). In addition, we concluded that Harwell's claim that the trial court failed to merge allied offenses of similar import at sentencing was waived for appeal and barred by the doctrine of res judicata. *Id.* at ¶ 36.

**{¶ 4}** On June 15, 2018, Harwell filed a motion for leave to file a delayed motion for a new trial. He claimed that his motion was untimely due to ineffective assistance of trial counsel, namely that his trial counsel did not inform him of the time requirements for

filing a motion for a new trial. Harwell further claimed he was entitled to a new trial based on "actual innocence." Additionally, Harwell argued that his trial counsel was deficient for failing to object to the trial court's jury instruction on reasonable doubt and the State's failure to prove all elements of felony murder. Harwell supported his motion for leave with an "affidavit of verity," attesting to his attorney's failure to inform him of the time requirements for a motion for a new trial.

{¶ 5} On August 7, 2018, the trial court denied Harwell's motion for leave. The court found that Harwell's motion "relie[d] upon arguments that were or could have been raised in his direct appeal." The court also found that Harwell failed to present clear and convincing proof that he was unavoidably prevented from timely filing his motion for a new trial and, further, that the record did not support that he was unavoidably prevented from the discovery of evidence upon which he relied.

{¶ 6} Harwell appealed, and we held that the trial court did not err in denying his motion for leave to file a delayed motion for a new trial. *State v. Harwell*, 2d Dist. Montgomery No. 28104, 2019-Ohio-643. Specifically, we held that Harwell's motion for a new trial was untimely and he failed to demonstrate that he was unavoidably prevented from timely filing the motion for a new trial or discovering new evidence within the time period provided by Crim.R. 33(B). *Id.* at ¶ 23-24.

{¶ 7} On August 14, 2019, Harwell filed a "Motion to Vacate Void Sentence," arguing that the trial court failed to follow R.C. 2929.11 and 2929.12 when it resentenced him in 2015. In a decision issued on January 3, 2020, the trial court overruled Harwell's motion on the basis that his claims were barred by res judicata.

{¶ 8} It is from this judgment that Harwell now appeals.

{¶ 9} Because they are interrelated, Harwell's three assignments of error will be discussed together as follows:

THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR IN GRANTING THE APPELLEE THE EQUIVALENT OF A SUMMARY JUDGMENT SUA SPONTE IN VIOLATION OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND U.S. CONSTITUTION[S].

IT WAS PLAIN AND PREJUDICIAL ERROR FOR THE TRIAL COURT TO DISMISS THE APPLICATION WITHOUT FIRST ORDERING AND CONDUCTING AN EVIDENTIARY HEARING IN THE CASE CONTRARY TO APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND U.S. CONSTITUTION[S].

IT WAS PLAIN AND PREJUDICIAL ERROR FOR THE TRIAL COURT NOT TO GRANT RELIEF IN THE CASE IN VIOLATION OF APPELLANT'S PROCEDURAL SUBSTANTIVE RIGHTS TO DUE PROCESS IN VIOLATION OF THE OHIO AND U.S. CONSTITUTION[S].

{¶ 10} In his first assignment, Harwell contends that the trial court erred when it granted summary judgment to the State regarding Harwell's claims as set forth in his motion to vacate or void his sentence. In his second assignment, Harwell argues that the trial court erred when it overruled his motion without first conducting a hearing. In his third assignment, Harwell argues that the trial court erred when it overruled his motion.

{¶ 11} Initially, we note that R.C. 2953.21(E) (relating to post-conviction relief

petitions) provides that either party may move for summary judgment on petitions for post-conviction relief "[w]ithin twenty days from the date the issues are raised." Having reviewed the record before us, we find that no motion for summary judgment was ever filed by the State in this case, nor did the court grant summary judgment. The trial court merely denied Harwell's motion, properly treating it as a motion to vacate not a request for post-conviction relief. Significantly, the trial court decided the motion on the merits, having concluded that an evidentiary hearing was not required due to res judicata. Accordingly, there is no basis for Harwell's summary judgment argument, and we need not address it any further. *See State v. Jones*, 2d Dist. Clark No. 2018-CA-119, 2019-Ohio-2250, ¶ 18-19.

{¶ 12} In his second and third assignments of error, Harwell contends that the trial court erred when it overruled his motion to vacate his sentence because it failed to follow R.C. 2929.11 and 2929.12 when it resentenced him in 2015. Harwell's argument is barred by res judicata because he was required to raise the above arguments in a direct appeal of his 2015 resentencing. *See State v. Reid*, 2d Dist. Montgomery No. 25790, 2014-Ohio-1282, ¶ 7-9. In *Reid*, we stated:

"Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Moreover, "[a]rguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on

direct appeal." *State v. Simons*, 2d Dist. Champaign No. 2013 CA 5, 2013-Ohio-3654, ¶ 42, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. (Other citation omitted.) In other words, "defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct appeal." *Id.* at ¶ 40, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

{¶ 13} Upon review, we therefore conclude that Harwell's claims are barred by res judicata. Accordingly, the trial court did not err when it overruled Harwell's motion to vacate his sentence without conducting an evidentiary hearing. *Jones* at ¶ 14-15.

{¶ 14} Harwell's first, second, and third assignments of error are overruled.

{¶ 15} All of Harwell's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Michael D. Harwell
Hon. Mary L. Wiseman