[Cite as *State v. Harwell*, 2021-Ohio-3754.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29156 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-2367 |
| | : | |
| MICHAEL D. HARWELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 22nd day of October, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL D. HARWELL, Inmate No. A687-427, London Correctional Institution, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Michael D. Harwell, appeals pro se from a judgment of the Montgomery County Court of Common Pleas denying his motion to vacate his conviction for felony murder. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 2013, a jury found Harwell guilty of two counts of felony murder, two counts of attempted felony murder, six counts of kidnapping, three counts of felonious assault, and several attendant firearm specifications. Following a bench trial, the trial court also found Harwell guilty of having a weapon while under disability. At sentencing, the trial court merged certain counts and firearm specifications and imposed an aggregate term of 32 years to life in prison. The trial court also ordered Harwell to pay court costs and restitution for funeral expenses. Harwell then appealed from his conviction.

{¶ 3} On appeal, we vacated Harwell's conviction for attempted felony murder on grounds that attempted felony murder is not a cognizable crime in Ohio. *State v. Harwell*, 2d Dist. Montgomery No. 25852, 2015-Ohio-2966, ¶ 34-35, citing *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016. As a result, we remanded the matter to the trial court for resentencing. *Id.* at ¶ 90. The judgment of the trial court was affirmed in all other respects. *Id.*

{¶ 4} On August 13, 2015, the trial court conducted a resentencing hearing and once again sentenced Harwell to an aggregate term of 32 years to life in prison. Harwell then appealed from his amended sentence. This court, however, dismissed the appeal

due to Harwell's failure to file an appellate brief. *State v. Harwell*, 2d Dist. Montgomery No. 26838 (Decision and Final Judgment Entry, Feb. 1, 2016).

{¶ 5} In 2016, Harwell filed motions related to the trial court's order to pay court costs and financial sanctions. The trial court waived the balance of court costs but denied a waiver of restitution. A year later, in 2017, Harwell filed a motion for resentencing on grounds that the trial court failed to properly impose post-release control. The trial court denied the motion, and Harwell appealed. On appeal, we affirmed the judgment of the trial court. *State v. Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950.

{¶ 6} In 2018, Harwell filed a motion for leave to file a delayed motion for a new trial. To support this motion, Harwell claimed that his motion for a new trial was untimely because his trial counsel had failed to inform him of the time requirements for filing such a motion. Harwell also claimed that he was entitled to a new trial because the trial court had failed to properly instruct the jury on the offense of felony murder and, in doing so, relieved the State of its burden to prove all elements of that offense. Specifically, Harwell claimed that the trial court failed to inform the jury that one of the essential elements of felony murder required the State to prove that he did not commit voluntary or involuntary manslaughter as opposed to felony murder. Harwell further raised a claim of "actual innocence" on grounds that the State had failed to prove the voluntary/involuntary manslaughter element at trial. Harwell additionally argued that his trial counsel provided ineffective assistance by failing to object to the trial court's jury instruction and the State's failure to prove all elements of felony murder.

{¶ 7} On August 7, 2018, the trial court denied Harwell's motion for leave to file a

delayed motion for a new trial. In so holding, the trial court found that Harwell's motion relied on arguments that were or could have been raised on direct appeal. The trial court also found that Harwell failed to present clear and convincing proof that he was unavoidably prevented from timely filing his motion for a new trial and, further, that the record did not support finding that Harwell was unavoidably prevented from discovering the evidence upon which he relied. Harwell thereafter appealed from the trial court's decision. We affirmed the judgment of the trial court. *State v. Harwell*, 2d Dist. Montgomery No. 28104, 2019-Ohio-643.

{¶ 8} In 2019, Harwell filed a motion to vacate his sentence in which he argued that the trial court failed to follow R.C. 2929.11 and 2929.12 when the court resentenced him in 2015. The trial court, however, overruled the motion on the basis that Harwell's claims were barred by res judicata. Harwell once again appealed, and we affirmed the judgment of the trial court. *State v. Harwell*, 2d Dist. Montgomery No. 28697, 2020-Ohio-4845.

{¶ 9} On May 4, 2021, Harwell filed a Motion to Vacate Void Conviction and Sentence ("motion to vacate"). In this motion, Harwell challenged his conviction for felony murder on grounds that it violated his constitutional right to due process. Although couched as a constitutional violation, Harwell essentially raised the same argument that he raised in his 2018 motion for leave to file a motion for new trial. Specifically, Harwell claimed that the trial court failed to properly instruct the jury on the offense of felony murder by failing to inform the jury that the State was required to prove that he did not commit voluntary or involuntary manslaughter as opposed to felony murder and, in doing so, eased the State's burden of proof. Harwell argued that this failure violated his right

to due process and thus rendered his judgment of conviction for felony murder void.

{¶ 10} On May 12, 2021, the trial court issued an order denying Harwell's motion to vacate on grounds that it was barred by the doctrine of res judicata. Harwell now appeals from that order, raising four assignments of error for review.

### First Assignment of Error

{¶ 11} Under his first assignment of error, Harwell raises the same claim that he raised in his May 4, 2021 motion to vacate, i.e., that he was denied his constitutional right to due process because the trial court failed to properly instruct the jury on the offense of felony murder. As previously noted, Harwell contends that the trial court failed to instruct the jury that the State was required prove that he did not commit voluntary or involuntary manslaughter as opposed to felony murder and, in doing so, eased the State's burden of proof. Harwell argues that this error rendered his conviction for felony murder void as opposed to voidable, and thus precluded the trial court from applying the doctrine of res judicata. We disagree.

{¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The doctrine of res judicata "serves to preclude a defendant who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 109 Ohio St.3d 176, 2006-

Ohio-1245, 846 N.E.2d 824, ¶ 18. "In doing so, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id*.

{¶ 13} As stated above, Harwell contends that the doctrine of res judicata does not apply to his argument regarding the jury instruction for felony murder because such an error renders his felony murder conviction void. *See State v. Jennings*, 10th Dist. Franklin No. 18AP-139, 2020-Ohio-5154, ¶ 7, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 18 ("[t]he res judicata doctrine does not * * * preclude a collateral challenge to a void judgment"). We addressed a similar argument in *State v. Beatty-Jones*, 2d Dist. Montgomery No. 27328, 2017-Ohio-2605. Like Harwell, the appellant in *Beatty-Jones* filed a motion to vacate his felony murder conviction on grounds that the trial court improperly instructed the jury regarding the elements of that offense. *Id*. at ¶ 10, 13-14. Also like Harwell, the appellant in *Beatty-Jones* argued that the jury instruction error rendered his conviction void and thus barred the application of res judicata. *Id*. This court, however, explained that the jury instruction error would have rendered the judgment voidable, not void, meaning the "issue could have been raised during Appellant's direct appeal, and is barred by res judicata." *Id*. at ¶ 17, citing *State v. Lawrence*, 2d Dist. Montgomery No. 27014, 2016-Ohio-7626, ¶ 16. Therefore, as in *Beatty-Jones*, we find that Harwell's jury instruction argument is barred by the doctrine of res judicata, as Harwell could have raised that argument on direct appeal, but failed to do so.

{¶ 14} That said, Harwell's motion to vacate is not only barred by the doctrine of res judicata, but it is also time barred under R.C. 2953.21, which governs petitions for

post-conviction relief. "When a motion is filed subsequent to a direct appeal (or the expiration of time for filing a direct appeal), claims the denial of constitutional rights, seeks to render the judgment of conviction void, and asks for vacation of the judgment and sentence, the motion is properly construed as a petition for post[-]conviction relief." *State v. Housley*, 2d Dist. Miami No. 2019-CA-12, 2020-Ohio-1143, ¶ 15, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997) and *State v. Cline*, 2d Dist. Champaign No. 2013-CA-51, 2014-Ohio-4503, ¶ 7. Upon review, we find that Harwell's motion to vacate meets the criteria for a petition for post-conviction relief.

{¶ 15} When, as in this case, a direct appeal from a conviction has been taken, a petition for post-conviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2). A trial court lacks jurisdiction to consider an untimely petition for post-conviction relief unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16, citing *State v. Johnson*, 2d Dist. Montgomery No. 24775, 2012-Ohio-2542, ¶ 11. (Other citations omitted.)

{¶ 16} "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error

from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

{¶ 17} In this case, Harwell's direct appeal was decided by this court approximately six years ago in 2015. Harwell's May 4, 2021 motion to vacate, therefore, was untimely as it was filed well beyond the 365-day deadline set forth in R.C. 2953.21(A)(2).[1] The untimely nature of Harwell's petition was not excused under R.C. 2953.23(A) because: (1) Harwell was not unavoidably prevented from discovering the facts underlying the due process/jury instruction claim in Harwell's petition; and (2) Harwell's petition was not based on a new federal or state right. Therefore, because the untimeliness of Harwell's petition was not excused under R.C. 2953.23(A)(1), the trial court lacked jurisdiction to consider the petition and thus properly denied it.

{¶ 18} Harwell's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 19} Under his second assignment of error, Harwell claims that the trial court erroneously interpreted the argument in his motion to vacate as challenging the constitutionality of the statute governing the offense of felony murder—R.C. 2903.02(B). Regardless of any such error, the trial court correctly concluded that the argument in Harwell's motion to vacate was barred by the doctrine of res judicata. It is therefore

---

[1] Effective March 23, 2015, the deadline for filing petitions for post-conviction relief was changed from 180 days after the date on which the trial transcript is filed with the appellate court in the direct appeal to 365 days. Sub.H.B. 663, 2014 Ohio Laws 179. Under either deadline, Harwell's motion to vacate was untimely, as he filed the trial transcript with this court for his direct appeal on September 4, 2013, and then filed his post-conviction motion to vacate 2,799 days later on May 4, 2021.

immaterial whether the trial court may have improperly interpreted Harwell's argument, as the trial court's decision to deny the motion on res judicata grounds was ultimately correct. *McCormick v. Haley*, 37 Ohio App.2d 73, 77, 307 N.E.2d 34 (10th Dist.1973) ("a court of appeals must affirm a judgment of the trial court if it reached the right conclusion, even if the determination was made through invalid reasoning"). *Accord Wooten v. Republic Sav. Bank*, 172 Ohio App.3d 722, 2007-Ohio-3804, 876 N.E.2d 1260, ¶ 29.

{¶ 20} Harwell's second assignment of error is overruled.

### Third Assignment of Error

{¶ 21} Under his third assignment of error, Harwell claims that the trial court erred by summarily dismissing his motion to vacate, which Harwell claims was akin to granting summary judgment in favor of the State. Upon review, we find that there is no basis for Harwell's summary judgment argument, because the trial court properly denied Harwell's motion to vacate on res judicata grounds. The trial court did not grant summary judgment against Harwell. Therefore, we need not address Harwell's summary judgment argument any further. *See State v. Jones*, 2d Dist. Clark No. 2018-CA-119, 2019-Ohio-2250, ¶ 18-19.

{¶ 22} Harwell's third assignment of error is overruled.

### Fourth Assignment of Error

{¶ 23} Under his fourth assignment of error, Harwell claims that the trial court erred by failing to hold an evidentiary hearing on his motion to vacate. However, because Harwell's motion to vacate was barred by res judicata, it was unnecessary for the trial

court to hold an evidentiary hearing on the motion. *See Harwell*, 2d Dist. Montgomery No. 28697, 2020-Ohio-4845, at ¶ 13, citing *Jones,* 2d Dist. Clark No. 2018-CA-119, 2019-Ohio-2250, at ¶ 14-15; *State v. Becraft*, 2d Dist. Clark No. 2018-CA-96, 2019-Ohio-2348, ¶ 31. Moreover, when trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, as the trial court did here, " 'it is not necessary for the court to hold an evidentiary hearing on that petition.' " *State v. Ramey*, 2d Dist. Clark No. 2020-CA-55, 2021-Ohio-1522, ¶ 13, quoting *Current,* 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, at ¶ 22, citing *Johnson,* 2d Dist. Montgomery No. 24775, 2012-Ohio-2542, at ¶ 18. Therefore, for the foregoing reasons, the trial court did not err by failing to hold an evidentiary hearing on Harwell's motion to vacate.

**{¶ 24}** Harwell's fourth assignment of error is overruled.


**Conclusion**

**{¶ 25}** Having overruled all four of Harwell's assignments of error, the judgment of the trial court denying Harwell's motion to vacate is affirmed.


. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Michael D. Harwell
Hon. Mary Lynn Wiseman