[Cite as *State v. Harwell*, 2024-Ohio-2932.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30004 |
| | : | |
| v. | : | Trial Court Case No. 2012 CR 02367 |
| | : | |
| MICHAEL D. HARWELL | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 2, 2024

. . . . . . . . . . .

MICHAEL D. HARWELL, Pro Se Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Michael D. Harwell appeals pro se from the trial court's order denying his most recent application for post-conviction DNA testing. Because we agree with the trial court's conclusion that Harwell failed to meet at least one of the R.C. 2953.74(C) criteria

in his first post-conviction application for DNA testing, and thus the trial court was required to deny Harwell's second application under R.C. 2953.72(A)(7), we find no abuse of discretion. The judgment of the trial court will be affirmed.

## I. Background Facts and Procedural History

{¶ 2} We have set forth the history of the case several times in previous appeals and will summarize it here to provide context. In 2012, Harwell was indicted on 14 counts: two counts of felony murder, two counts of attempted felony murder, six counts of kidnapping, three counts of felonious assault, and one count of having weapons while under disability, including numerous firearm specifications. *State v. Harwell*, 2018-Ohio-1950, ¶ 2. The charges stemmed from Harwell's actions after he purchased two ounces of cocaine that had been diluted with other substances. To get his money back from the purchase, Harwell kidnapped Jonathon Lambes and Jason Miller, who had both been involved in selling him the cocaine, and then fired gunshots at both men, killing Miller. *Id.* at ¶ 3. Harwell was found guilty as charged and was sentenced to an aggregate prison term of 32 years to life. *Id.* at ¶ 4.

{¶ 3} In the initial appeal, we vacated Harwell's two attempted felony murder convictions pursuant to *State v. Nolan*, 2014-Ohio-4800, in which the Ohio Supreme Court held that attempted felony murder is not a cognizable crime in Ohio. *Id.* at ¶ 5, citing *State v. Harwell*, 2015-Ohio-2966, ¶ 34-35. As a result of vacating these convictions, we remanded the matter to the trial court for resentencing but affirmed the judgment of the trial court in all other respects. *Id.* at ¶ 90. On remand, the trial court vacated the two attempted felony murder counts and resentenced Harwell for the remaining offenses and

firearm specifications. *Id.* at ¶ 6. The trial court again imposed an aggregate prison sentence of 32 years to life. *Id.* at ¶ 7. Harwell appealed, but we dismissed the appeal for lack of prosecution in February 2016. *Id.* at ¶ 8.

{¶ 4} Since then, Harwell has filed multiple post-conviction motions and petitions for post-conviction relief, which have all been denied by the trial court and affirmed by this court on appeal. *See, e.g., State v. Harwell*, 2018-Ohio-1950 (denying Harwell's motion for re-sentencing); *State v. Harwell*, 2019-Ohio-643 (denying Harwell's motion for leave to file a delayed motion for a new trial); *State v. Harwell*, 2020-Ohio-4845 (denying Harwell's motion to vacate a void sentence); *State v. Harwell*, 2021-Ohio-3754 (denying Harwell's motion to vacate a void conviction and sentence); *State v. Harwell*, 2023-Ohio-3657 (denying Harwell's motion for leave to file a motion to vacate and set aside the judgment of conviction or, in the alternative motion, for leave to file a motion for a new trial).

{¶ 5} Relevant to the instant matter, in May 2021, Harwell filed his first application for post-conviction DNA testing with the trial court, requesting that the following evidence be tested for DNA: "Jonathan Lambes T-shirt (state's star witness). Shell casings for Dennis Bakers, and Michael Harwells DNA." In November 2021, the trial court denied Harwell's application, reasoning that he had failed to meet the R.C. 2953.74(B)(1) requirements and could not meet all of the criteria under R.C. 2953.74(C). Specifically, the trial court concluded that Harwell's identity had not been at issue during the trial, and therefore DNA testing would not be outcome determinative. On appeal, we affirmed in *State v. Harwell,* 2022-Ohio-2706, concluding:

The trial court did not err by denying Harwell's post-conviction request for DNA testing because he could not satisfy R.C. 2953.74(B); touch DNA testing was available, accepted, and admissible at the time of his trial. The requirements of R.C. 2953.74(C) could not be met because identity was not at issue and the exclusion results would not have been outcome determinative.

*Id.* at ¶ 38.

**{¶ 6}** In August 2023, Harwell filed his second pro se application for DNA testing, requesting that the following evidence be tested for DNA: "The first 4 shell casings that were initially recovered + the 5th casing recovered days later. T-shirt worn by Lambes (shoulder area), Exhibit 91 (4 blood samples), and Exhibit 51-C fingerprint." The trial court again denied Harwell's application, noting that Harwell's motion was his second application for DNA testing and that his first motion had been denied for the following reasons: (1) Harwell did not meet the requirements under R.C. 2953.74(B)(1); (2) Harwell did not meet the identity at issue requirement under R.C. 2953.74(C)(3); and (3) Harwell did not meet the outcome determinative requirement under R.C. 2953.74(C)(5). In so finding, the trial court explained that it was required to deny Harwell's second application for DNA testing under R.C. 2953.72(A)(7). Harwell appeals.

## II.    Assignments of Error

**{¶ 7}** Harwell asserts the following two assignments of error:

THE TRIAL COURT ERRED BY DENYING DEFENDANT'S APPLICATION FOR POSTCONVICTION DNA TESTING FOR AN ABUSE

OF DISCRETION.

THE TRIAL COURT ERRED BY DENYING DEFENDANT'S SUCCESSIVE APPLICATION FOR DNA TESTING PURSUANT TO R.C. 2953.72(A)(7).

{¶ 8} In his first assignment of error, Harwell generally contends that the trial court erred in denying his application for post-conviction DNA testing. He asserts several arguments that are difficult to discern, given that the instant appeal pertains to Harwell's *second* application for DNA testing. In particular, Harwell argues that the trial court erred in accepting the Miami Valley Regional Crime Lab's determination that the shell casings had been contaminated and were unsuitable for DNA testing and in concluding that a DNA testing exclusion result would not be outcome determinative. However, the trial court did not deny Harwell's second application on this basis; rather, it denied his application under R.C. 2953.72(A)(7) because his first application for DNA testing had been rejected due to his failure to satisfy certain criteria in R.C. 2953.74(C), including that his identity was not at issue and that the exclusion result would not be outcome determinative. For this reason, we need not consider Harwell's first assignment of error and will proceed to considering his second assignment of error, namely whether the trial court erred in denying his second application under R.C. 2953.72(A)(7).

{¶ 9} Post-conviction DNA testing is governed by R.C. Chapter 2953. "A trial court has discretion to accept or reject an application for DNA testing." *State v. Bell*, 2023-Ohio-3813, ¶ 20, citing R.C. 2953.74(A). "Thus, absent an abuse of discretion, we will not reverse the decision of the trial court." *Id.* An abuse of discretion occurs when the trial

court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} R.C. 2953.74 sets forth the criteria "by which eligible offender applications for DNA testing will be screened and that a judge of a court of common pleas upon receipt of a properly filed application and accompanying acknowledgment will apply those criteria to determine whether to accept or reject the application * * *." R.C. 2953.72(A)(4).

{¶ 11} Under R.C. 2953.74(B)(1), an eligible offender "may apply for post-conviction DNA testing if he or she did *not* have a DNA test at trial." *State v. Harwell*, 2022-Ohio-2706, at ¶ 28. "The court may accept the application only if the offender 'shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject offender's case * * * would have been outcome determinative at the trial stage, * * * and at the time of the trial, * * * DNA testing was not generally accepted, the results of DNA testing were not generally admissible in evidence, or DNA testing was not yet available." *Id.*, citing R.C. 2953.74(B)(1).

{¶ 12} As we previously explained in *Harwell*, 2022-Ohio-2706, at ¶ 30, "R.C. 2953.74(B)(1) applies when DNA testing was not utilized at trial," and both parties conceded that no testing of the subject evidence was performed prior to Harwell's 2013 proceeding. Thus, for Harwell to have been successful with his application, he would have had to establish not only that the results would have been outcome determinative but also one of several other important facts: (1) that DNA testing was not generally acceptable in 2013; (2) that the results of DNA testing were not generally admissible; or (3) that DNA testing was not yet available. At that time, we concluded that Harwell could not satisfy the

requirements of R.C. 2953.74(B)(1) because touch DNA testing was available, accepted, and admissible at the time of his trial and the results would not have been outcome determinative. The trial court noted this conclusion in its denial of Harwell's second application.

{¶ 13} Still, even if Harwell had initially established his eligibility for post-conviction DNA testing under R.C. 2953.74(B)(1) (which he did not), R.C. 2953.74(C) then sets forth additional criteria under which the trial court may accept a post-conviction application for DNA testing but only if *all* of the criteria apply, including:

* * *

(3) *The court determines that, at the trial stage in the case in which the offender was convicted of the offense for which the offender is an eligible offender and is requesting the DNA testing, the identity of the person who committed the offense was an issue.*

* * *

(5) *The court determines that, if DNA testing is conducted and an exclusion result is obtained, the results of the testing will be outcome determinative regarding that offender.*

(Emphasis added.) R.C. 2953.74(C). In *Harwell*, 2022-Ohio-2706, at ¶ 38, we also concluded that Harwell did not meet the requirements of R.C. 2953.74(C) because Harwell's identity was not at issue and the exclusion results would not have been outcome determinative.

{¶ 14} Here, Harwell has submitted a second post-conviction application for DNA

testing, which included the acknowledgement requirements set forth in R.C. 2953.72. Among those requirements, however, is R.C. 2953.72(A)(7), which provides a statutory limitation on a trial court's discretion to accept a post-conviction application for DNA testing, stating, in part:

> Along with the application, the eligible offender shall submit an acknowledgment that is on a form prescribed by the attorney general for this purpose and that is signed by the offender. The acknowledgment shall set forth all of the following: * * * (7) That, if the court rejects an eligible offender's application for DNA testing because the offender does not satisfy the acceptance criteria described in division (A)(4) of this section, the court will not accept or consider subsequent applications[.]

*Bell,* 2023-Ohio-3813, at ¶ 21. In *Bell*, we explained that, once a trial court determines that a defendant failed to meet at least one of the criteria in R.C. 2953.74(C) in an initial application for DNA testing, R.C. 2953.72(A)(7) requires the trial court to deny the defendant's second application. *Id.* at ¶ 23; *see also State v. Long*, 2019-Ohio-4857, ¶ 10.

{¶ 15} Like the defendant's application in *Bell*, Harwell's first application for post-conviction DNA testing was denied because he failed to satisfy at least one of the criteria in R.C. 2953.74(C). Under these circumstances, R.C. 2953.72(A)(7) required the trial court to deny Harwell's subsequent application for post-conviction DNA testing. Thus, we cannot conclude that the trial court abused its discretion in denying Harwell's second application.

## III. Conclusion

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and TUCKER, J., concur.